UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

LUIS ALBERTO M.P.,[1]

Petitioner,

v.

WARDEN OF THE CENTRAL VALLEY ANNEX DETENTION FACILITY, et al.,

Respondents.

No. 1:26-cv-07463-TLN-CSK

A# 222-597-523

**RELEASE ORDER**

This matter is before the Court on pro se Petitioner Luis Alberto M.P.'s ("Petitioner") Petition for Writ of Habeas Corpus ("the Petition"). (ECF No. 1.) Respondents filed an opposition. (ECF No. 7.) For the reasons set forth below, the Petition is GRANTED and Respondents are ordered to IMMEDIATELY RELEASE Petitioner.

///

///

[1] The Court omits Petitioner's full name to protect sensitive personal information. *See* Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

## I. FACTUAL BACKGROUND

This matter arises out of Petitioner's constitutional challenge to his civil immigration detention. In September 2016, Petitioner entered the United States without admission and he has resided in this country continuously since. (ECF No. 7-1 at 2.) Petitioner states he fled his native country in search of a safer life. (ECF No. 1 at 6.) For the last decade, he has established a life in Utah, residing with his siblings and nephews, working to support his family, and filing taxes. (*Id.* at 6, 42–53.) Petitioner submits numerous letters from his community members attesting to his quality of character. (*Id.* at 23–34.) Petitioner has no criminal history. (ECF No. 7-1 at 2.)

On July 23, 2026, while on his way to work, Petitioner was involved in a traffic stop and he was arrested because of his immigration status. (ECF No. 1 at 6; ECF No. 7-1 at 2.) The next day, Petitioner was transferred to the custody of U.S. Immigration and Customs Enforcement ("ICE"). (ECF No. 7-1 at 2.) ICE initiated removal proceedings against Petitioner. (ECF No. 7-3.) Petitioner was detained without notice or a hearing. (ECF No. 1.) Additionally, there is no record that ICE conducted an initial custody determination. (*See* ECF No. 7 (no Form I-286 provided despite this Court's September 17, 2026 Order to produce custody determinations).) Petitioner has been detained without any custody hearing in over three months. (ECF No. 1.) Petitioner now challenges the constitutionality of his detention. (*Id.*)

## II. STANDARD OF LAW

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a

district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III. ANALYSIS

The parties agree that Petitioner is detained under 8 U.S.C. § 1226(a), that he is entitled to a custody hearing, and that he has not received one in over three months of detention. (ECF No. 1; ECF No. 7.) *See also Rodriguez Vazquez v. Bostock*, 2026 WL 2196424 (9th Cir. July 30, 2026). Petitioner claims his detention without a hearing violates the Fifth Amendment. (ECF No. 1.) He claims he has not been provided a "pathway" to seek a bond hearing and "absent intervention by this Court, Petitioner cannot and will not be provided with a bond hearing." (*Id.* at 5.) Petitioner further states that he has not received any notice as to his detention (*id.* at 6) and the record is devoid of a custody determination notice. Respondents argue that Petitioner is not entitled to a pre-deprivation hearing because he was allegedly unknown to immigration authorities. (ECF No. 7.) Respondents further argue § 1226(a) procedural protections are facially constitutional. (*Id.*) They acknowledge that Petitioner is entitled to a custody determination hearing, but they do not address the fact that Petitioner has not been provided such a hearing over three months of detention. (*See id.*) The Court once again finds due process requires a custody hearing within a reasonable time and manner, and because Respondents have failed to provide any custody hearing in over three months of detention, Respondents violated Petitioner's statutory and constitutional rights.

The Fifth Amendment prohibits government deprivation of an individual's life, liberty, or property without due process of law. U.S. Const. amend. V; *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017). The Due Process Clause applies to all "persons" within the borders of the United States, regardless of immigration status. *Zadvydas,* 533 U.S. at 693. These due process rights extend to immigration proceedings and detention. *Id.* at 693–94.

Courts examine procedural due process claims in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. *See Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989);

*Morrissey v. Brewer*, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question remains what process is due.").

A. Liberty Interest

"Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas*, 533 U.S. at 690. "Even individuals who face significant constraints on their liberty or over whose liberty the government wields significant discretion retain a protected interest in their liberty." *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025). An individual's liberty interest may be strengthened over time. *See Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093 (E.D. Cal. 2025).

Petitioner has a clear liberty interest in remaining free from detention. "Even where the revocation of a person's freedom is authorized by statute, that person may retain a protected liberty interest under the Due Process Clause." *Rico-Tapia v. Smith*, 806 F. Supp. 3d 1166, 1182 (D. Haw. 2025) (citing *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973); *Morrissey*, 408 U.S. at 481–82). Petitioner has lived in the country for a decade in the same community, during which time he has established a residence with family, obtained work, filed taxes, and established relationships with members of his community. Accordingly, Petitioner has a clear interest protected by the Due Process Clause.

B. Procedures Required

As to the second step — what procedures or process is due — the Court considers three factors: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

First, as explained above, Petitioner has a substantial private interest in his own liberty that is unquestionably affected by Respondents' actions detaining him. Despite his interest in maintaining his liberty, Petitioner has now been detained for three months, separated from his

community and family. Accordingly, Petitioner's private interest has been impacted by his detention. *See Manzanarez v. Bondi*, No. 1:25-CV-01536-DC-CKD, 2025 WL 3247258, at *4 (E.D. Cal. Nov. 20, 2025) (finding similarly).

Second, the risk of erroneous deprivation is considerable given Petitioner has not received any hearing, either pre- or post-detention, and Respondents have failed to comply with statutory safeguards under 8 U.S.C. § 1226(a). Because civil immigration detention is "nonpunitive in purpose and effect," a "special justification" must outweigh Petitioner's protected liberty interest in order for detention to comport with due process. *Zadvydas*, 533 U.S. at 690. Respondents do not contend that Petitioner is a danger or a flight risk. (*See* ECF No. 7.) *See Hernandez*, 872 F.3d at 994. Indeed, Petitioner has no criminal history. (ECF No. 7-1.) Without any showing by Respondents of a legitimate interest in detaining Petitioner or a such a finding by a neutral arbiter, the Court finds there is a serious likelihood Petitioner was erroneously deprived of his liberty interest. Moreover, Respondent failed to comply with notice and hearing requirements under § 1226(a). There is no evidence of an initial custody determination and Petitioner asserts he has received no notice as to his custody or any pathway to request a bond hearing. *See Zurita Navarro* v. *Warden Ctrl. Valley Annex Det. Facility*, No. 1:26-CV-05661-DAD-SCR, 2026 WL 2294963, at *2 (E.D. Cal. Aug. 10, 2026) (enumerating procedural violations of § 1226(a), including "failure to provide the petitioner with an initial custody determination either prior to or contemporaneously with detention," and collecting cases). Additionally, Respondents concede Petitioner is entitled to a custody hearing under § 1226(a), but they have not provided such a hearing in over three months of detention, nor made any move to schedule a hearing in the month since the habeas petition was filed. (*See* ECF No. 7.) Consequently, Petitioner has been deprived of the procedural safeguards statutorily required. Thus, the probative value of additional procedural safeguards is high. *R.D.T.M.*, 2025 WL 2617255, at *4.

Third, and finally, the government's interest in detaining Petitioner without any hearing is nil, and the effort and cost required to provide Petitioner with procedural safeguards are minimal. *See Garcia v. Andrews*, No. 2:25-CV-01884-TLN-SCR, 2025 WL 1927596, at *5 (E.D. Cal. July 14, 2025). Although the Court recognizes the government's interest in immigration enforcement,

that interest does not outweigh all procedural safeguards. And the government has no interest in detaining persons in violation of their own statutes. Notice and custody determination hearings are routine processes for Respondents and are indeed the very processes required under § 1226(a). Any burden associated with the provision of these processes does not outweigh Petitioner's substantial liberty interest and the risk of erroneous deprivation, nor do Respondents make any argument as to burden.

Under the *Mathews* factors, Respondents were required to provide notice and a hearing. Respondents have not provided Petitioner with any notice or any custody hearing in three months of detention. Petitioner has thus been deprived of an opportunity to be heard "at a meaningful time and in a meaningful manner." *Mathews*, 424 U.S. at 333 (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965) (citing *Grannis v. Ordean*, 234 U.S. 385, 394 (1914))). Therefore, Respondents violated the Fifth Amendment and Petitioner's procedural due process rights.

## IV. CONCLUSION

For the foregoing reasons, the Petition for Writ of Habeas Corpus (ECF No. 1) is hereby GRANTED. It is FURTHER ORDERED:

1. Respondents must IMMEDIATELY RELEASE Petitioner Luis Alberto M.P. (A# 222-597-523) from custody. At the time of release, Respondents must return all of Petitioner's documents and possessions. Respondents shall file a **notice of compliance** with this provision **within 2 court days of the date of this Order**.

2. Respondents are ENJOINED from re-detaining Petitioner, while subject to 8 U.S.C. § 1226(a), absent compliance with statutory and constitutional protections, including a minimum of seven-days' notice and a pre-deprivation hearing before a neutral factfinder where the government must establish by clear and convincing evidence that its interest in protecting the public or ensuring Petitioner appears at future immigration proceedings outweighs Petitioner's constitutionally protected interest in remaining free from detention such that no alternative to detention can mitigate that risk. *See Zadvydas v. Davis*, 533 U.S. 678, 690 (2001); *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017). At any such hearing, Petitioner shall be allowed to have counsel present.

3. Petitioner's Motion to Proceed in Forma Pauperis (ECF No. 8) is GRANTED.

4. Petitioner's motions for temporary restraining order (ECF No. 2) and to appoint counsel (ECF No. 3) are DENIED as moot.

5. The Clerk of the Court shall serve this Order on **Central Valley Annex Detention Facility**, enter judgment in favor of Petitioner, and close this case.

IT IS SO ORDERED.

DATE: October 19, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE